IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                               Case No. 10-10127-04-JTM

SAUL GALVAN-ESTRADA,

    Defendant.

MEMORANDUM AND ORDER

This matter comes before the court on defendant's Motion for Renewal of Judgment of Acquittal and Motion for a New Trial (Dkt. No. 89). The court denied defendant's oral motion for Judgment of Acquittal at the close of evidence (Dkt. No. 88). On July 29, 2011, the jury returned a guilty verdict against defendant on Count I and Count VIII of the Superceding Indictment charging defendant with knowingly and intentionally using a communication facility during the commission of the distribution of methamphetamine and distribution of methamphetamine.

Following the jury's return of a guilty verdict, the court may, upon motion, set aside the verdict and enter a judgment of acquittal. FED. R. CRIM. P. 29(c)(1) ("A defendant may move for a judgment of acquittal, or renew such a motion, within 14 days after a guilty verdict or after the court discharges the jury, whichever is later."). This court, however, "'may neither weigh conflicting evidence nor consider the credibility of witnesses.'" *United States v. McKissick*, 204 F.3d 1282, 1289 (10th Cir.2000) (quoting *United States v. Pappert*, 112 F.3d 1073, 1077 (10th Cir.1997)). Simply put, the court must "'ask only whether, taking the evidence—both direct and circumstantial,

together with the reasonable inferences to be drawn therefrom—in the light most favorable to the government, a reasonable jury could find [the defendant] guilty beyond a reasonable doubt.'" *United States v. Vallejos*, 421 F.3d 1119, 1122 (10th Cir. 2005) (quoting *United States v. Scull*, 321 F.3d 1270, 1282 (10th Cir. 2003)) (alterations added). If the government's proof meets this standard, the court must defer to the jury's verdict. *Id.*

Defendant has also moved for a new trial under Fed. R. Crim. P. 33. The standards for granting a new trial are not as strict as the standards for granting a judgment of acquittal. *United States v. Hoyle*, No. 10-20056, 2011 WL 573959, at *1 (D. Kan. Feb. 15, 2011). This Rule provides that "[u]pon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." FED. R. CRIM. P. 33(a). Any error that would require reversal on appeal provides a sufficient basis for granting a new trial. *United States v. Stiner*, 765 F. Supp. 663, 664 (D. Kan. 1991). The jury's verdict "must be upheld unless it is 'clearly, decidedly or overwhelmingly against the weight of the evidence.'" *Escue v. N. Okla. Coll.*, 450 F.3d 1146, 1157 (10th Cir. 2006) (quoting *Black v. Hiebs Enters.*, 805 F.2d 360, 363 (10th Cir. 1986)). The decision to grant a new trial is a matter of discretion for the trial court, and it will not be disturbed on appeal absent a "plain abuse of discretion." *United States v. Troutman*, 814 F.2d 1428, 1455 (10th Cir. 1987). "Courts disfavor new trials and exercise great caution in granting them." *Id.* (internal citations omitted). Defendant has the burden of proving a new trial is warranted. *United States v. Walters*, 89 F. Supp.2d 1206, 1213 (D. Kan. 2000).

To prevail under 21 U.S.C. § 843(b), the government must prove two elements: (1) that the defendant knowingly used a cellular phone; and (2) that the defendant acted with the intent to facilitate the commission of the drug felony. *See United States v. Johnson*, 57 F.3d 968, 971 (10th

Cir. 1995). To prevail under 21 U.S.C. § 841(a)(1), the government must prove four elements: (1) the defendant knowingly or intentionally possessed methamphetamine; (2) the substance was in fact methamphetamine; (3) the defendant possessed methamphetamine with intent to distribute it; and (4) the amount possessed was at least 156 grams. *See United States v. Bowen*, 437 F.3d 1009, 1014 (10th Cir. 2006) (listing the elements of the crime); *see also* TENTH CIRCUIT PATTERN JURY INSTRUCTIONS, CRIMINAL § 2.85 (2011).

The government presented sufficient evidence for a reasonable jury to find the essential elements of the crimes for which defendant was charged beyond a reasonable doubt. Among other things, the government produced the following evidence: (1) telephone recordings containing "coded" language; (2) testimony that defendant used a cellular phone to contact co-defendants regarding a drug transaction and that he used coded language to do so; (3) video of defendant handing a package to Miguel Angel Ramirez; (4) 156 grams of methamphetamine found in Ramirez's vehicle immediately after defendant handed him a package; (5) testimony of Lorenzo Olivas-Cervantes that defendant helped him distribute methamphetamine by using a telephone. Taken together, the above is sufficient circumstantial evidence suggesting defendant knowingly or intentionally used a cell phone to distribute methamphetamine. As a result, the court will not disturb the jury's conclusion as to either Count.[1]

---

[1] In Count VIII, defendant was also charged with violating 18 U.S.C § 2. To prove a violation of § 2, the government must show two elements: (1) someone else committed the charged crime; and (2) the defendant consciously shared the other person's knowledge of the underlying criminal act and intended to help. *United States v. Anderson*, 189 F.3d 1201, 1207 (10th Cir. 1999). For the same reasons noted above, this court also finds there is sufficient evidence to sustain the jury's verdict as to this violation.

IT IS ACCORDINGLY ORDERED this 13th day of September, 2011, that defendant's Motion for Renewal of Judgment of Acquittal and Motion for a New Trial (Dkt. No. 89) is denied.

                                              s/J. Thomas Marten
                                              J. THOMAS MARTEN, JUDGE